Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
(602) 388-8898
(866) 317-2674 facsimile
rthompson@thompsonconsumerlaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stuart Gonani, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>vs.<br><br>Memoir Inc. dba Chapter,<br><br>Defendant. | Case No. 2:26-cv-02333-SPL<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff Stuart Gonani ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant Memoir Inc. dba Chapter ("Defendant") for violations the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper before this Court under 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

**THE FAIR CREDIT REPORTING ACT**

4. "Congress enacted the FCRA in 1970 in response to concerns about corporations' increasingly sophisticated use of consumers' personal information in making credit and other decisions." *Syed v. M-I, LLC*, 853 F.3d 492, 496 (9th Cir.), *cert. denied*, 138 S. Ct. 447, 199 L. Ed. 2d 340 (2017) (citation omitted); *see Spokeo, Inc. v. Robins (Spokeo II)*, 136 S. Ct. 1540, 1550, 194 L. Ed. 2d 635 (2016).

5. "Specifically, Congress recognized the need to 'ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Syed*, 853 F.3d at 496 (quoting *Safeco Ins. Co. v. Burr*, 551 U.S. 47, 52 (2007)).

6. In the context of the protections afforded under the FCRA, the Ninth Circuit has observed that "[t]he modern information age has shined a spotlight on information privacy, and on the widespread use of consumer credit reports to collect information in violation of consumers' privacy rights." *Id.* at 495.

7. To fulfill its goal of protecting consumer privacy, the FCRA prohibits consumer reporting agencies ("CRA") from furnishing consumer reports to a prospective user unless that person has a "permissible purpose" to use the report. *See* 15 U.S.C. § 1681b(a)-(b).

8. Likewise, the FCRA makes it unlawful for any person to use or obtain a consumer report without a "permissible purpose." 15 U.S.C. § 1681b(f).

9. Any person who willfully obtains a consumer report about an individual without one of "permissible purposes" set forth in 15 U.S.C. § 1681b(a) is liable to such

individual in an amount between $100 and $1,000. *See* 15 U.S.C. §§ 1681b(f), 1681n(a)(1)(A).

**PARTIES**

10. Plaintiff is a natural person who at all relevant times resided in Maricopa, Arizona.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

12. Defendant is a for-profit Delaware corporation doing business in Arizona.

13. Defendant is a "person" as defined by 15 U.S.C. § 1681a(b).

**FACTUAL ALLEGATIONS**

14. Prior to May 2024, Plaintiff was an employee of Defendant.

15. As part of Plaintiff's employment, Defendant regularly obtained consumer reports on Plaintiff as part of its ongoing background checks.

16. Plaintiff's employment with Defendant subsequently ended, with Plaintiff's last day of employment being May 3, 2024.

17. Once Plaintiff ceased his employment, Defendant no longer had any permissible purpose to obtain consumer reports on Plaintiff.

18. Despite Plaintiff having been terminated, Defendant continued to obtain consumer reports on Plaintiff monthly including, but not limited to, on March 1, 2025; April 1, 2025; May 1, 2025; June 1, 2025; July 1, 2025; August 1, 2025; September 1, 2025; October 1, 2025; November 1, 2025; December 1, 2025; and January 1, 2026.

19. Because Plaintiff was no longer employed with Defendant, Defendant obtained Plaintiff's consumer reports without a permissible purpose.

20. Defendant knew it did not have a permissible purpose to obtain Plaintiff's consumer reports once it no longer employed him.

## CLASS ALLEGATIONS

21. Plaintiff repeats and re-alleges all previous factual allegations.

22. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent a class of individuals defined as:

> Every individual in the United States about whom, between April 6, 2024, and the date of class certification, Memoir Inc. obtained a consumer report after such individual's employment with Memoir Inc. had ended.

23. The proposed class specifically excludes the United States of America, the State of Arizona, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

24. The class is averred to be so numerous that joinder of members is impracticable.

25. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

26. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

27. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of

law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the FCRA; (c) the availability of statutory penalties; (d) the availability of punitive damages; and (e) attorney's fees and costs.

28. The claims of Plaintiff are typical of those of the class he seeks to represent.

29. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

30. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

31. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to, or which directly and irrevocably conflicts with, the interests of other class members.

32. Plaintiff is willing and prepared to serve this Court and proposed class.

33. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

34. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately

prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

35. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

36. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

37. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

38. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

39. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a)

individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1681b(f)**

40. Plaintiff incorporates by reference each factual allegation above.

41. Defendant violated 15 U.S.C. § 1681b(f) by using or obtaining Plaintiff's consumer report without a permissible purpose.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant willfully violated 15 U.S.C. § 1681b(b)(3)(A) with respect to Plaintiff and all those similarly situated;

c) Awarding Plaintiff, and all those similarly situated, statutory damages in an amount between $100 and $1,000 and punitive damages, pursuant to 15 U.S.C. § 1681n;

d) Awarding Plaintiff, and all those similarly situated, the costs of the action, and a reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n and/or Rule 23.

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

42. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 14, 2026.

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
(602) 388-8898
(866) 317-2674 facsimile
rthompson@thompsonconsumerlaw.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

On February 11, 2025, I electronically submitted the attached document for filing with the Clerk of the Court of the U.S. District of Court of Arizona and for distribution of electronic notices of filing to be distributed to all counsel/parties of record.

s/ Russell S. Thompson, IV
Russell S. Thompson, IV